16588

OWENS v. OWENS
(69 S. E. (2d) 74)

*Mr. A. R. McGowan,* of Charleston, *for Appellant,* cites:

*Mr. T. B. Bryant, Jr.,* of Orangeburg, *for Respondent,* cites:

February 5, 1952.

G. BADGER BAKER, Acting Associate Justice.

This appeal is from the order of Honorable J. M. Brailsford, Jr., Judge of the First Judicial Circuit, dated March 7th, 1951, wherein appellant is ordered to pay Two Hundred Seventy-Five ($275.00) Dollars per month for the

support and maintenance of his wife, the Respondent, and their infant daughter, then about one year in age.

The litigants were married on March 5, 1949, and reside in St. George, S. C., where appellant practices his profession as a physician. The child was born on March 24, 1950. On April 16th, 1950, Respondent and Appellant separated and have lived apart since that time.

On June 8, 1950, Respondent brought this proceeding for separate support for herself, and daughter, attorney's fees, and for custody of the infant. In the complaint it is alleged that about five months after marriage the Appellant became very cold and indifferent, that his conduct and attitude has made life unbearable for Respondent, causing her humiliation and embarrassment, and during Respondent's period of pregnancy the Appellant, although a medical doctor, failed to consider her condition, repeatedly urged her to leave their home, stating he did not want to become attached to the child to be born. The Respondent contends Appellant's income to be in the vicinity of Two Thousand ($2,000.00) Dollars per month and requested monthly support in the amount of Four Hundred ($400.00) Dollars.

On June 16, 1950, following the service of the summons and complaint, and before the filing of defensive pleadings, Judge Brailsford ordered Appellant without contest or objection, to pay Two Hundred ($200.00) Dollars per month for the temporary support of Respondent and child, Two Hundred Fifty ($250.00) Dollars attorney's fees, and certain costs.

Thereafter, the date not appearing in the record, the Appellant filed his answer denying misconduct and attributing the separation to Respondent's failure to live up to her marital responsibilities. The answer further denies Appellant's alleged financial standing and avers he cannot continue the temporary monthly payments, and that the amount necessary to support Respondent and the child "according to their social and financial standing, would be much less than

the Two Hundred ($200.00) Dollars a month that he has been paying her during the pendency of this action."

The prayer of the answer "respectfully requests that the amount of Two Hundred ($200.00) Dollars a month which he is now paying to the Plaintiff for temporary alimony be materially decreased, with leave to increase it later if his income or financial condition shall so warrant."

Two hearings were held for the taking of testimony. In the pleadings and in the evidence there will not be found any charges or counter-charges of immorality, cruelty, drunkeness, or the like, and each declares the other's coldness, indifference and neglect precipitated the separation.

Judge Brailsford, in his order, says, "While there is much conflict between the parties as to who is responsible for their separation, it is clear from both the pleadings and the evidence that the defendant has, in effect, elected to support his wife and child separately, rather than to live with them as husband and father. This being the case, the only question which the Court need determine is what amount should be paid." On the question of the amount of support, Judge Brailsford had to rely almost exclusively upon the testimony and records of Appellant. He found the Appellant to have an average net income of approximately Seven Hundred Eighty ($780.00) per month, which justified the monthly payments of Two Hundred Seventy-Five ($275.00) Dollars for the support of Respondent and child, and additional counsel fees in the sum of One Hundred ($100.00) Dollars.

To this order there are five exceptions, which may be stated as follows:

(1) Did the lower Court err, as a matter of law, in directing separate support and maintenance when the complaint did not request a legal separation, nor were they ordered to be legally separated, and were not legally separated before the commencement of the payments?

(2) Was there error in finding Respondent justified in leaving?

(3) Did the lower Court err in ordering maintenance and support for the child without placing the custody and responsibility for the care of the infant in Respondent?

(4) Does the evidence warrant the payment of $275.00 per month?

The first and third questions may be considered together. In the complaint, Respondent alleges "she is entitled to the legal custody of Ann Creighton Owens and to separate maintenance and support for herself and baby." The prayer of the complaint includes the legal custody of the infant. Appellant's answer admits a separation and raises no issue as to child custody. At the beginning of the first hearing, counsel for Appellant stated: "Your Honor, I think we have both reached the conclusion that there is no hope of any reconciliation between Dr. Owens and Mrs. Owens."

The separation was an existent fact out of which arose the cause of action for separate maintenance and support. The courts do not order a separation, but once there is a separation the requisite relief is granted, based upon the facts and circumstances.

Mr. Justice Fishburne, in *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330, 333, 15 A. L. R. (2d) 163, ably and concisely defines the policy of all courts: "It is generally recognized that the public policy relating to marriage is to foster and protect it to make it a permanent and public institution, to encourage the parties to live together, and to prevent separation. * * * 'The relation once formed, the law steps in and holds the parties to various obligations and liabilities. It is an institution, in the maintenance of which in its purity the public is deeply interested, for it is the foundation of the family and of society, without which there would be neither civilization nor progress.' "

The custody of the infant daughter required no formal order by the trial Judge. No issue thereabout was made by the pleadings, and certainly none by the evidence. Appellant willingly surrendered the custody, care and

protection of his child to her mother, the Respondent. He testified he did not want to get attached to the baby, further stating, "I told her that if she had definitely made up her mind to leave, decided that she was going to leave me that it would be better for her, better for me, if she left in two or three or four weeks rather than wait six months, then leave." He gave as his reason for the foregoing statement "that the longer we were together that I would get more and more attached to the baby."

The Appellant is in no position, even if there was merit to the exception, to complain of the absence of of a formal order of custody when he delivered custody to the mother and does not seek even partial custody of his child.

After a careful study of the record, we are in accord with the statement in Judge Brailsford's order that "it is clear from both the pleadings and the evidence that the defendant has, in effect, elected to support his wife and child separately, rather than to live with them as husband and father. This being the case, the only question which the Court need determine is what amount should be paid." This, of course, to Appellant, is an adverse answer to the second question, that is, whether Respondent was justified in leaving the home.

It will not serve any useful purpose to discuss the testimony, especially since this Court was informed, during oral argument, of the pendency of divorce proceedings instituted by Appellant, and awaiting the result of this appeal. It may be observed, however, that Respondent, in her testimony, entertained hope of reconciliation, largely basing this hope upon the birth of the child, while Appellant, in his evidence, indicates, with finality, that he had abandoned all hopes or had effectively barred the door to the resumption of the marital relationship.

The opinion of this Court in *Holloway v. Holloway,* 203 S. C. 339, 27 S. E. (2d) 457, 458, contains this paragraph,

aptly descriptive of the instant situation: "It is needless to relate the facts of this unfortunate matter with any degree of detail, since the circumstances of each case of this kind necessarily differ widely. While some of the causes of irritation and annoyance, taken alone, might seem to be of a rather trivial nature, yet as is aptly said by the respondent, happiness or the opposite of it results from the accumulation of every day petty occurrences. They must be considered as a whole, rather than as isolated incidents."

In answer to the last question for decision, relating to the amount of the award for separate maintenance and support, we think the sum of Two Hundred Seventy-Five ($275.00) Dollars per month is reasonable, taking into consideration the Appellant's financial resources, and in keeping with the litigants' station in life. There is no testimony that Respondent has any source of income other than from her husband and gifts from a relative. She is a college graduate with a Master's degree, and, according to the evidence, her income prior to her marriage was Three Hundred ($300.00) Dollars per month. She now has an infant daughter to care for and support out of the award. As already pointed out, Judge Brailsford, in arriving at this amount, had to rely almost exclusively upon the books and records of Appellant and his testimony furnished in connection therewith. Testimony was taken in detail as to the income of Appellant. In fact, the greater portion of all the evidence concerns this issue. The evidence reveals a net income of approximately Seven Hundred Eighty ($780.00) Dollars per month, and this, with hardly any doubt, warrants a monthly award for wife and daughter in the sum of Two Hundred Seventy-five ($275.00) Dollars per month.

The exceptions to the order of Judge Brailsford are found to be without merit, and the order of the lower Court affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.